IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| HILDA ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No: 1:13-cv-01274-STA-tmp |
| | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER REVERSING THE DECISION OF THE COMMISSIONER AND
REMANDING PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(G)**

Plaintiff Hilda Robinson filed this action to obtain judicial review of Defendant Commissioner's final decision denying her application for disability insurance benefits under Title II of the Social Security Act ("Act"). Plaintiff's application was denied initially and upon reconsideration by the Social Security Administration. Plaintiff then requested a hearing before an administrative law judge ("ALJ"), which was held on May 14, 2012. On July 2, 2012, the ALJ issued a decision, finding that Plaintiff was not entitled to benefits. The Appeals Council denied Plaintiff's request for review, and, thus, the decision of the ALJ became the Commissioner's final decision. For the reasons set forth below, the decision of the Commissioner is **REVERSED**, and the action is **REMANDED** for additional testimony pursuant to sentence four of 42 U.S.C. § 405(g).

Under 42 U.S.C. § 405(g), a claimant may obtain judicial review of any final decision made by the Commissioner after a hearing to which he was a party. "The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying,

1

or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."[1] The court's review is limited to determining whether there is substantial evidence to support the Commissioner's decision,[2] and whether the correct legal standards were applied.[3]

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[4] It is "more than a mere scintilla of evidence, but less than a preponderance."[5] The Commissioner, not the Court, is charged with the duty to weigh the evidence, to make credibility determinations and resolve material conflicts in the testimony, and to decide the case accordingly.[6] When substantial evidence supports the Commissioner's determination, it is conclusive, even if substantial evidence also supports the opposite conclusion.[7] "[W]hen there is not substantial evidence to support one of the ALJ's factual findings and his decision therefore must be reversed, the appropriate remedy is not to award

---

[1] 42 U.S.C. § 405(g).

[2] *Id.*

[3] *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). *See also Landsaw v. Sec'y of Health & Human Servs*, 803 F.2d 211, 213 (6th Cir. 1986).

[4] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389 (1971)).

[5] *Bell v. Comm'r of Soc. Sec.*, 105 F.3d 244, 245 (6th Cir. 1996) (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

[6] *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

[7] *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004); *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

benefits.  The case can be remanded under sentence four of 42 U.S.C. § 405(g) for further consideration."[8]

Pursuant to sentence four, a district court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  The court may immediately award Plaintiff benefits "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits."[9]  "A judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking."[10]  These factors are not present in this case, and, therefore, an immediate award of benefits is not appropriate.  However, a remand pursuant to sentence four of § 405(g) is appropriate because all essential issues have not been resolved.

Plaintiff was born on September 14, 1957, and she has a high school education.[11]  She alleges an onset date of disability of April 24, 2007, from osteoarthritis, gout, neuropathy in her feet, colitis, hypertension, arthritis, anxiety, diarrhea, and dizziness and drowsiness from her medications[12]

The ALJ enumerated the following findings: (1) Plaintiff met the insured status requirements through December 31, 2007; (2) Plaintiff has not engaged in substantial gainful

---

[8] *Faucher v. Secretary*, 17 F.3d 171, 175 (6th Cir. 1994).

[9] *Id.* at 176 (citations omitted).

[10] *Id.*

[11] (R. 71-72, ECF No. 8-5.)

[12] (*Id.*; R. 111, ECF No. 8-7.)

3

activity since the alleged onset date; (3) Plaintiff has a medically determinable impairment of status post right breast cancer, but she does not have a severe impairment; (4) Plaintiff was not under a disability as defined in the Act at any time through the date of this decision.[13]

The Social Security Act defines disability as the inability to engage in substantial gainful activity.[14] The claimant bears the ultimate burden of establishing an entitlement to benefits.[15] The initial burden of going forward is on the claimant to show that she is disabled from engaging in her former employment; the burden of going forward then shifts to the Commissioner to demonstrate the existence of available employment compatible with the claimant's disability and background.[16]

The Commissioner conducts the following, five-step analysis to determine if an individual is disabled within the meaning of the Act:

1. An individual who is engaging in substantial gainful activity will not be found to be disabled regardless of medical findings.

2. An individual who does not have a severe impairment will not be found to be disabled.

3. A finding of disability will be made without consideration of vocational factors, if an individual is not working and is suffering from a severe impairment which meets the duration requirement and which meets or equals a listed impairment in Appendix 1 to Subpart P of the regulations.

4. An individual who can perform work that she has done in the past will not be found to be disabled.

---

[13] (R. 17, ECF No. 8-3.)

[14] 42 U.S.C. § 423(d)(1).

[15] *Born v. Sec'y of Health & Human Servs*, 923 F.2d 1168, 1173 (6th Cir. 1990).

[16] *Id.*

4

5. If an individual cannot perform his or her past work, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed.[17]

Further review is not necessary if it is determined that an individual is not disabled at any point in this sequential analysis.[18] Here, the sequential analysis proceeded to the second step with a finding that Plaintiff does not have a severe impairment. Plaintiff contends that substantial evidence does not support this finding, and the court finds Plaintiff's argument to be well-taken.

At step two, a claimant bears the initial burden of proof to demonstrate that she has a severe impairment which is an impairment or combination of impairments which significantly limit a claimant's physical or mental ability to perform basic work activities without regard to age, education, or work experience.[19] In order to meet this burden, the claimant must come forward with

> medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged....[20]

---

[17] *Willbanks v. Sec'y of Health & Human Servs*, 847 F.2d 301 (6th Cir. 1988).

[18] 20 C.F.R. § 404.1520(a).

[19] 20 C.F.R. §§ 404.1520, 404.1521, 416.920, 416.921. Basic work activities encompass the abilities and aptitudes necessary to perform most jobs, such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; capacities for seeing, hearing, and speaking; understanding, performing, and remembering simple instructions; using judgment; responding appropriately to supervision, coworkers, and usual work situations; and dealing with changes in a routine work situation. 20 C.F.R. §§ 404.1521, 416.921.

[20] 42 U.S.C. § 423(d)(5)(A); *see also Younan v. Comm'r of Soc. Sec.*, 2012 WL 5439286 at *8 (E.D. Mich. Aug. 14, 2012) (citing *Weckbacher v. Comm'r of Soc. Sec.*, 2012 WL 2809697 at *9 (S.D. Ohio July 10, 2012)), *adopted by* 2012 WL 5439280 (E.D. Mich. Nov. 7, 2012) ("In considering whether a claimant has a severe impairment, an ALJ must not accept unsupported medical opinions or a claimant's subjective complaints.")).

The severity requirement is used to screen out claims that are medically groundless.[21] An impairment is not severe if it is a "'slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education and work experience.'"[22] Accordingly, if an impairment or combination of impairments would have no more than a minimal effect on a claimant's ability to work, the sequential evaluation process is terminated at step two.[23] "Only those claimants with slight abnormalities that do not significantly limit any 'basic work activity' can be denied benefits without undertaking [a] vocational analysis."[24]

The Sixth Circuit Court of Appeals discussed the severity requirement in *Long v. Apfel*.[25]

> In *Higgs v. Bowen*, this court declared that 'an impairment can be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education, and experience.' *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988). The *Higgs* court observed that 'this lenient interpretation of the severity requirement in part represents the courts' response to the Secretary's questionable practice in the early 1980s of using the step two regulation to deny meritorious claims without proper vocational analysis.' *Id.* But the court also recognized that 'Congress has approved the threshold dismissal of claims obviously lacking medical merit....' *Id.* That is, 'the severity requirement may still be employed as an administrative convenience to screen out claims that are "totally groundless" solely from a medical standpoint.' *Id.* at 863. Indeed, the *Higgs* court approved of that practice; it affirmed dismissal because the record contained no objective medical evidence to support Ms. Higgs's claims of severe

---

[21] *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) ("[T]his appeal presents the exceptional 'totally groundless' claim properly dismissed on the medical evidence alone. There is nothing in the objective medical record credibly suggesting that Mrs. Higgs was significantly affected by any of her impairments on or before June 30, 1979.")

[22] *Farris v. Secretary*, 773 F.2d 85, 90 (6th Cir. 1985) (quoting *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984)).

[23] *Id.*

[24] *Bowen v. Yuckert*, 482 U.S. 137, 158–59 (1987) (O'Connor, J., concurring).

[25] 1 F. App'x 326 (6th Cir. 2001).

impairment. Particularly relevant to the case at bar, the *Higgs* court observed. 'The mere diagnosis of [an ailment], of course, says nothing about the severity of the condition.' *Id.* When doctors' reports contain no information regarding physical limitations or the intensity, frequency, and duration of pain associated with a condition, this court has regularly found substantial evidence to support a finding of no severe impairment. *See, e.g., id.* (citing cases).

Caselaw since *Higgs* confirms this circuit's practice in that respect. Compare *Maloney v. Apfel*, 211 F.3d 1269 (table), No. 99-3081, 2000 WL 420700 at (6th Cir. 2000) (per curiam) (finding substantial evidence to support denial when record indicated claimant showed symptoms and was diagnosed with disorder but did not contain evidence of a disabling impairment that would prevent work); and *Foster v. Secretary of Health & Human Svcs.*, 899 F.2d 1221 (table). No. 88-1644, 1990 WL 41835 at *2 (6th Cir. 1990) (per curiam) (finding substantial evidence to support denial when the claimant produced no evidence regarding the frequency, intensity, and duration of arthritic pain; the record indicated that he was no more than slightly or minimally impaired); with *Burton v. Apfel*, 208 F.3d 212 (table), No. 98-4198. 2000 WL 125853 at *3 (6th Cir. 2000) (reversing finding of no severe impairment because record contained diagnoses and remarks from a number of treating physicians and psychologists to the effect that claimant was 'unable to work ... due to the complexity of her health problems' (quoting physician)); and *Childrey v. Chater*, 91 F.3d 143 (table). No. 95-1353, 1996 WL 420265 at *2 (6th Cir. 1996) (per curiam) (reversing finding of no severe impairment because record contained an assessment by a consulting physician reflecting a variety of mental problems that left her "not yet able to really care for herself alone," reports of two other physicians corroborating this, consistent testimony from the claimant, and no medical evidence to the contrary (quoting physician)).[26]

The court in *Long* upheld the decision of the Commissioner because the record did "not contain a single statement by a treating physician indicating that Long's health problems result in any specific work-impairing limitations."[27]

In the present case, at step two, the ALJ determined that Plaintiff had a medically determinable impairment - status post right breast cancer - but no severe impairment or combination thereof. Therefore, the ALJ found that Plaintiff was not disabled. As noted by the

---

[26] *Long*, 1 F. App'x 326 at 332.

[27] *Id.*

Commissioner, Plaintiff had to prove that she had a severe impairment during the relevant period from her alleged onset date through her date last insured on December 31, 2007.

To meet her burden, Plaintiff has presented evidence of the following. Plaintiff had a bowel resection surgery for colon cancer on November 30, 1993.[28] The record documents a history of colitis from April 1996 through August 2006 and rectal abscesses.[29] Plaintiff testified that, by December 31, 2007, she was having lower digestive tract problems severe enough to require as many as ten trips to the bathroom; she was soiling her clothing; and she had resultant pain.[30] Sometimes she "had to stop on the side of the road."[31]

The Commissioner argues that there is no evidence that Plaintiff's "digestive tract problems … would have affected her ability to perform basic work activities during the relevant period, particularly for twelve consecutive months."[32] While the Court is mindful that a diagnosis does not necessarily mean a resulting disabling impairment,[33] the medical record lends support to Plaintiff's testimony concerning her pain and gastrointestinal issues after her bowl resection surgery. She was assessed with non-specific colitis of the ascending colon and rectum, diverticulosis of the Ascending colon, and s/p low anterior resection for adenocarcinoma of low

---

[28] (R. 203, ECF No. 8-9.)

[29] (*Id.* 216.)

[30] (R. 27, ECF No. 8-3.)

[31] (*Id.*)

[32] (Comm. Br., p. 5, ECF No. 20.)

[33] *See Higgs*, 880 F.2d at 863 ("The mere diagnosis of [an impairment], of course, says nothing about the severity of the condition.")

8

rectal polyp as well as severe gastritis and duodenitis on April 15, 1996.[34] In 2006, the notes of treating physician Kenneth Tozer show a diagnostic impression of prepyloric ulcer and esophageal ulcer, diverticulosis and area of colitis of the sigmoid colon as well as small anal fissure, peptic ulcer disease and colitis with atypia on biopsy.[35]

The ALJ determined that Plaintiff's "medically determinable impairment could have been reasonably expected to produce the alleged symptoms; however, [her] statements concerning the intensity, persistence, and limiting effects of these symptoms are not credible to the extent they are inconsistent with finding that [she] has not severe impairment…."[36] The ALJ noted that Plaintiff had testified that, prior to December 31, 2007, she had "severe gastrointestinal problems causing incontinence and requiring eight to ten bathroom visits every day. She had flares three to four times a week and her medications caused drowsiness and dizziness."[37] However, the ALJ ignored Plaintiff's reported need for frequent bathroom breaks in the credibility analysis even though Plaintiff's testimony concerning this was uncontroverted.

The ALJ was concerned that there was "nothing in her medical records to suggest that she was having the symptoms alleged in her testimony between her April 24, 2007, and her December 31, 2007, date last insured."[38] Plaintiff was diagnosed with breast cancer and had a mastectomy on April 24, 2007, and a permanent silicone prosthesis was implanted on October 9,

---

[34] (R. 229, ECF 8-10.)

[35] (R. 209, 212, ECF No. 8-9; R. 254-255, ECF No. 8-10.)

[36] (R. 16, ECF No. 8-3.)

[37] (*Id.*)

[38] (*Id.*)

2007; on February 19, 2008, Plaintiff's right nipple was reconstructed.[39] The ALJ made no effort to clarify whether Plaintiff's mastectomy and follow-up treatment for breast cancer during the eight month relevant time period impacted her reporting of other symptoms to her physicians.[40]

The ALJ also commented that Plaintiff "was unclear and likely uncertain about the timeframe during which particular symptoms were present."[41] To the contrary, Plaintiff's attorney specifically stated that his questions concerned Plaintiff's conditions "prior to December 31, 2007."[42] Plaintiff's later testimony made clear that her symptoms continued beyond December 31, 2007. She testified that she decided to file her application for disability benefits in May 2010 because she continued to have "accidents with her stomach."[43] On remand, the ALJ should clarify the timeframe of Plaintiff's symptoms.

Given the de minimus standard for judging whether a claimant's impairments are non-severe and in light of the evidence that Plaintiff has presented concerning her impairments, the ALJ's step two finding that Plaintiff's impairments are non-severe is not supported by substantial

---

[39] (*Id.*)

[40] *See Sims v. Apfel*, 530 U.S. 103, 110–11 (2000) (pointing out that, although the claimant bears the ultimate burden of establishing that he is entitled to disability benefits, courts have recognized that Social Security proceedings are "inquisitorial rather than adversarial," and it is the ALJ's duty to investigate the facts and develop arguments both for and against granting benefits).

[41] (R. 16, ECF No. 8-3.)

[42] (*Id.* at p. 26.)

[43] (*Id.* at p. 34.)

evidence and must be reversed.[44] On remand, the ALJ should determine whether Plaintiff's gastrointestinal problems create the need for frequent bathroom breaks, and, if so, whether that need would impose any limitations on her ability to work.[45] As noted in a similar case involving the need for "bathroom breaks,"

> Further, this Court would be remiss in not stating that the ALJ also fails to consider the toll that Plaintiff's condition takes on his anxiety and panic attacks. Even if Plaintiff's condition were somewhat controlled by medication, the thought of having an "accident" in the workplace would still provoke enormous anxiety. And, here, the medical records do not support finding that Plaintiff's condition is anywhere near as stable as the ALJ asserts.[46]

Moreover, transcription errors of the hearing render it insufficient for review. Section 405(g) mandates that the Government file a transcript of the record, including the hearing, with its answer. Inherent in this statutory requirement is the concept that the Government file an adequate transcript.[47] As noted by Plaintiff, errors in the transcript of the hearing in this case are concerning because they occur during Plaintiff's description of her pain and limitations from her bowel disorder.[48] The ALJ expressly rejected Plaintiff's testimony regarding her severe

---

[44] *See Salmi v. Secretary*, 774 F 2d 685, 693 (6th Cir. 1985) (An impairment is more than non-severe only if "regardless of a claimant's age, education, or work experience, the impairment would not affect the claimant's ability to work.")

[45] *See Mershad v. Comm'r of Soc. Sec.*, 2016 WL 659307 at *12 (S.D. Ohio Feb. 18, 2016), *report and recommendation adopted*, 2016 WL 1222351 (S.D. Ohio Mar. 24, 2016) (finding as error the ALJ's failure to include or recognize Plaintiff's need for "unscheduled, frequent, and lengthy trips to the restroom" in his RFC finding).

[46] (*Id.*)

[47] *See, e.g., Bryant v. Astrue*, 2008 WL 2018279 (E.D. Ky. May 7, 2008) ("Finally, the plaintiff correctly notes that the court transcript has numerous notations of inaudibility during the VE's testimony...It is, at best, marginally acceptable in carrying the defendant's burden of showing jobs existing in the economy which the plaintiff can perform. The decision will be remanded for further consideration.")

[48] (R. 27, ECF No. 8-3.)

gastrointestinal problems ("I do not accept claimant's testimony as an accurate description of her symptoms during the period after her alleged onset date and before her date last insured.").[49] The Court cannot review the ALJ's rejection of Plaintiff's description of her symptoms when the description is unintelligible.

In combination, these errors lead the Court to the conclusion that substantial evidence does not support the Commissioner's determination that Plaintiff did not have a severe impairment. Having determined that the decision must be reversed, the court must determine whether it is appropriate to remand this case or to direct the payment of benefits. Because the record does not establish that Plaintiff is entitled to benefits or that all essential facts have been resolved, it is appropriate to remand this case for further proceedings. Therefore, the decision of the Commissioner is **REVERSED**, and the action is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for another hearing consistent with this order.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: August 4, 2016.

---

[49] (*Id.* 16.)